UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-20794-CIV-AMS
<u>CONSENT CASE</u>

**SERGIO RAMOS,**

 Plaintiff,

v.

**GROVE CLEANERS & LAUNDRY,
INC., and ALINA LOPEZ,**

 Defendants.
_____/

<u>ORDER APPROVING SETTLEMENT AGREEMENT</u>

 This matter came before the Court upon the parties' notification, on May 11, 2011, that this matter had settled. Thereafter, the Court held a hearing to confirm the terms of the settlement agreement and to determine whether the settlement reached by the parties was fair and reasonable. This matter has been referred to the undersigned Magistrate Judge for final disposition based on the consent of the parties (DE # 19).

 The Court has considered the terms of the settlement agreement and the pertinent portions of the record, and is otherwise fully advised in the premises. This case involves claims for overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 to 219 ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlements of litigation. *Id.* at 1354.

In this case, there is a bona fide dispute over FLSA provisions, as evidenced by the claims alleged in the Complaint filed by Plaintiff and the Answer and Affirmative Defenses filed by Defendants. The Court finds that the compromise reached by the parties under the settlement agreement is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement is hereby **APPROVED**. All pending motions are denied as moot. It is further

**ORDERED AND ADJUDGED** that the payment due under the terms of the parties' settlement agreement shall be paid on or before May 23, 2011. It is further

**ORDERED AND ADJUDGED** that a motion to dismiss this matter shall be filed with the Court on or before May 27, 2011, at which time the Court will issue a Final Order of Dismissal, and retain jurisdiction to enforce the terms of the settlement agreement until June 22, 2011. If the motion to dismiss is not timely filed, this matter will be dismissed without prejudice.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 18, 2011.

_/s/ Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies provided to:
All counsel of record via CM/ECF